JAMES S. GWIN, District Judge,
concurring.
Judge Stranch rightly affirms the district court’s decision not to suppress the evidence at issue in this case. Generally, suppression is an inappropriate remedy when police officers, acting in good faith, obtain and rely on a warrant issued by a neutral judicial officer. Nevertheless, because I have some reservations about whether probable cause supported this search warrant, I concur only in the Court’s judgment.
In this case, the state-court judge’s decision to issue the search warrant relied upon: 1) an anonymous tip that the Hoangs were growing marijuana in their basement; 2) anomalous electrical-usage rates at the Hoang residence; and 3) an internet print-out about growing marijuana that was pulled from the trash cans at the Hoang residence. I assign little significance to the first: “The affidavit contains no assertion that this informant is known to be reliable, nor did the police corroborate any of the informant’s statements beyond the innocent fact that [the defendant] lived at the stated location and the irrelevant ... fact that [the defendant] had a criminal record.” United States v. Higgins, 557 F.3d 381, 390 (6th Cir.2009). And I question whether the printed suggestions for growing marijuana adds anything. Evidence that the Hoang residence had markedly strange electric use provides the only clear evidence of a marijuana grow. But even with the electrical use information, I question whether it was enough to provide a substantial basis to conclude that “there [was] a fair probability, given the totality of the circumstances, that contraband or evidence of a crime,” would be found at the Hoang residence. United States v. Howard, 621 F.3d 433, 453 (6th Cir.2010) (internal quotation mark omitted).
Regardless, the affidavit was not based on false information, the issuing judge was not biased, and the warrant was not “so lacking in indicia of probable cause as to render official belief in its existence unreasonable[,][or] so facially deficient ... that the executing officers [could not have] reasonably presume[d] it to be valid.” United States v. Leon, 468 U.S. 897, 914, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (internal citations and quotation marks omitted). Accordingly, I would affirm the district court’s denial of the suppression motion under Leon alone.